1IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAURA COVINGTON,<br>        Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| JEFFERY COVINGTON, | § | CIVIL ACTION NO. _____ |
| INDIVIDUALLY AND IN HIS | § | |
| OFFICIAL CAPACITY, JUSTIN | § | |
| BARHAM, INDIVIDUALLY AND | § | |
| IN HIS OFFICIAL CAPACITY, | § | |
| JEREMY KIDD, INDIVIDUALLY | § | |
| AND IN HIS OFFICIAL CAPACITY, | § | |
| THE CITY OF MADISONVILLE, | § | |
| TEXAS MADISON COUNTY, | § | JURY DEMANDED |
| TEXAS, THE MADISONVILLE | § | |
| POLICE DEPARTMENT AND THE | § | |
| MADISONVILLE DISTRICT | § | |
| ATTORNEY'S OFFICE, | § | |
|         Defendants. | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

**COMES NOW, LAURA COVINGTON,** hereinafter referred to at all times as "Plaintiff," and who, by and through her undersigned attorneys of record, files with this Honorable Court her Original Complaint and for causes of action would respectfully demonstrate as follows:

### I. PARTIES

1.      Plaintiff, Laura Covington, is a natural person and resident citizen of Madisonville, Madison County, Texas

1

2.      Defendant, Jeffery Covington, is a natural person who may be served with process by serving him at his residence at 4639 Davidson Lane in Madisonville, Texas 77864, or wherever he may be found.  Defendant Covington may be served in his official capacity by serving City Manager Danny Singletary at Madisonville City Hall, 210 West Cottonwood, Madisonville, Texas 77864.

3.      Defendant, Justin Barham, is a natural person who may be served with process by serving him at his residence, 8389 Oxford Cemetery Road, Madisonville, Texas 77864, or wherever he may be found.  Defendant Barham may be served in his official capacity as a Madisonville Police officer by serving the City Manager Danny Singletary at Madisonville City Hall, 210 West Cottonwood, Madisonville, Texas 77864.  Defendant Barham may be served in his official capacity as a Madison County  District Attorney's Office investigator by serving the County Judge Arthur M. Henson at 101 W. Main Street, Suite 110, Madisonville, Texas 77864.

4.      Defendant, Jeremy Kidd, is a natural person who may be served with process by serving him at 2007 Echoles Street, Bryan, Texas 77801, or wherever he may be found.
Defendant Kidd may be served in his official capacity as an agent of the Madisonville Police Department by serving City Manager Danny Singletary at Madisonville City Hall, 210 West Cottonwood, Madisonville, Texas 77864.

5.      Defendant, the City of Madisonville, Texas is a municipal corporation, incorporated under the laws of the State of Texas and located within Madison County, Texas, that may be served with process by serving the City Manager, City Manager Danny Singletary at Madisonville City Hall, 210 West Cottonwood, Madisonville, Texas 77864.

6.      Defendant, Madison County, Texas is a governmental entity of the State of Texas and may be served with process by serving the County Judge Arthur M. Henson at 101 W. Main Street, Suite

110, Madisonville, Texas 77864.

7.      Defendant, Madisonville Police Department, is the law enforcement agency of the City of

Madisonville, Texas and may be served with process by serving City Manager, City Manager Danny

Singletary at Madisonville City Hall, 210 West Cottonwood, Madisonville, Texas 77864.

8.      The Madison County District Attorney's Office is the prosecuting agency of Madison

County, Texas empowered with the ability to prosecute and/or decline prosecutions and may be

served with process by serving the County Judge Arthur M. Henson at 101 W. Main Street, Suite

110, Madisonville, Texas 77864.

## II.  JURISDICTION

9.      This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1331, because the

claims involve a question of federal law under 42 U.S.C. §1983.  This Court also has pendant and

ancillary jurisdiction over the related state-law claims pursuant to 28 U.S.C. §1367 (a).

## III.  VENUE

10.      Venue is appropriate and proper in this cause in the Southern District of Texas pursuant

to 28 U.S.C. §1391 (a)(1) as at least one (1) of the Defendants currently resides, or is located within,

the Southern District at the time of filing this suit, as well as under 28 U.S.C §1391 (a)(2) because

all or a substantial part of the events which gave rise to this cause of action occurred in the Southern

District of Texas.

## IV.  FACTS

11.      On the day of November 9, 2011, the Plaintiff was stopped by Trooper Carl Clary of the

Texas Department of Public Safety for an alleged traffic offense.  The Trooper had been informed

approximately two (2) months earlier by Defendant Jeffery Covington, a sergeant for the City of

Madisonville Police Department, and their chief narcotics investigator, that the Plaintiff, Defendant

Covington's ex-wife, was known to carry methamphetamine in a magnetic key holder located under

the vehicle she was driving.

12.     The Trooper asked to search the vehicle to which the Plaintiff consented and pursuant to

that search, a small amount of methamphetamine was found exactly where Defendant Covington had

informed the Trooper it would be found.  The Plaintiff was subsequently arrested and charged with

possession of a controlled substance and booked into the Madison County Jail on felony drug

charges.

13.     Within a day or so of the arrest, Defendant Covington filed an emergency ex parte

petition seeking the immediate removal of two young children, Paige and Parker Covington from

the custody and care of the Plaintiff, on the grounds that the Plaintiff was a drug user and/or drug

dealer and that the children were in danger of immediate harm.

14.     Based upon the pleadings filed by Defendant Covington, along with affidavits filed by

Defendant Covington and an individual by the name of Shelly Huntley, the Judge of the 12th Judicial

District Court of Madison County, Texas ordered the immediate removal of the children from the

care and control of the Plaintiff.

15.     A brief history of the relationship and circumstances surrounding the Plaintiff and

Defendant Covington is necessary in order for this Honorable Court to understand the background

that provided the basis for the arrest of the Plaintiff on November 9, 2011.

16.     The Plaintiff and Defendant Covington were married in 2003 and had two (2) children by

way of that marriage; Paige and Parker Covington.  The Plaintiff and Defendant Covington were

divorced in April or May of 2010 and the Plaintiff was awarded the right to establish the domicile

4

of the two children and the right to receive child support from Defendant Covington.

17.     Almost immediately after the divorce, problems began to arise and a custody battle commenced.  During the custody battle, the Plaintiff began hearing rumors that Defendant Covington was "going to have someone plant drugs" on the Plaintiff so that Defendant Covington "could win the custody battle."

18.     The Plaintiff relayed these rumors to the children's therapist, James Woods located in Bryan, Texas approximately one week before the Plaintiff was arrested in this case.

19.     After the arrest of the Plaintiff, a hearing was held on the 14th day of December, 2011, and Defendant Covington admitted to, among other things, being terminated from a former security position in Iraq for conduct which violated his employer's drug policies.

20.     Additionally, at that hearing, the arresting officer in the case, Trooper Carl Clary, testified under oath that he believed the drugs to have been under the vehicle for some time based on certain facts surrounding his discovery of the drugs.

21.     Trooper Clary also testified at that hearing that both the Plaintiff and the Plaintiff's mother stated that they "knew something like this was going to happen," that Defendant Covington had told Trooper Clary exactly what would be found and exactly where it would be found some two months before, and that the Trooper had "no clue whose it was" because he "did not find any in the vehicle. . . didn't find any , - - any paraphernalia.  Usually when I find stuff, its everywhere and this was just underneath the door."

22.     After the Plaintiff supplied the Court and Defendant Covington's attorney with hair follicle tests showing no drugs whatsoever in the system of the Plaintiff, the two children were returned to the Plaintiff.

23.     Immediately after the first of the year, rumblings began to be heard that Defendant

Covington and Defendant Barham had conspired along with local informants of the Madsionville

Police Department and Madison County Sheriff's Department to plant drugs on the Plaintiff and

have the Plaintiff arrested in order for Defendant Covington to gain custody of his two (2) children.

24.     Barham, who had worked for the City of Madisonville as a patrol deputy near the time of

Plaintiff's arrest, had since become employed by the Madison County District Attorney's Office as

the office's lead investigator involving narcotics and organized crime.  Barham was involved not

only in the initial planting of the drugs, but also in the attempted criminal prosecution of the Plaintiff.

25.     Texas Rangers became involved in investigating Defendants Covington and Barham and

learned that the two officers, while acting in their capacity as officers of law enforcement, had

summoned a local criminal named Jeremy Kidd to a location commonly utilized by the two officers

in order to set up confidential drug buys with informants.

26.     It was learned that Defendant Kidd was told by the officers to plant drugs on the Plaintiff

in their capacity as officers of law enforcement, not as individual citizens of Madison County, and

that methamphetamine and a magnetic key box was supplied to Defendant Kidd by Defendants

Covington and Barham.

27.     Defendant Kidd, acting in concert with and as an agent of Defendants Covington and

Barham, after being supplied with methamphetamine by the two (2) officers, was then told how and

where to plant the drugs on the Plaintiff's vehicle.  Defendant Kidd did as he was instructed and

ultimately the Plaintiff was arrested on November 9, 2011.

28.     The Attorney General's Office of the State of Texas became involved and in February of

2013, Defendant Jeff Covington was indicted and arrested for delivery of a controlled substance,

obstruction/retaliation and official oppression.

29.     In April of 2013, Defendant Justin Barham was indicted and arrested on identical charges.

30.     On January 31, 2013, Assistant Attorney General David Glickler formally declined any all charges related to the November 9, 2011 arrest of the Plaintiff on grounds that "after a thorough review of this arrest and the surrounding circumstances, I have concluded that it does not warrant prosecution and further investigation."

31.     During the time of the employment of Defendants Covington and Barham, their employers, both the City of Madisonville and Madison County, had allowed the two officers to have unbridled freedom to do as the two (2) officers saw fit in order to effectuate drug arrests in Madisonville and Madison County.  Defendants Covington and Barham were allowed to act in their capacity as the chief narcotics officers while going essentially unsupervised through their day to day activities.

32.     In fact, the City of Madisonville did not even conduct routine background checks in order to learn why Defendant Covington had been relieved of his former employment in Iraq.  A simple check would have revealed that Defendant Covington had been terminated from that job for violating the company's drug policy as it related to illegal drugs.

33.     In fact, the Madisonville Police Department has had a long history of failing to adequately supervise its officers and it should be noted that several officers have either resigned or been fired for alleged misconduct between September of 2011 and March of 2013.  It should be noted that Madisonville is a city of approximately 4,500 citizens and its police department consists of approximately 13 officers, including the Chief of Police.

34.     The acts complained of herein, and the conspiracy entered into by the Defendants named within the Plaintiff's Original Complaint have caused the Plaintiff to suffer legally cognizable

7

injuries and have resulted in damages to the Plaintiff.

35.     The Plaintiff has suffered economic damages by way of her arrest in that she was forced to hire attorneys.  Furthermore, the Plaintiff suffered severe emotional injuries and damages by having been arrested and having her children removed from her custody.  The injuries and damages inflicted upon the Plaintiff were a direct result of the intentional and malicious actions of the Defendants named herein.

## V.  CAUSES OF ACTION

**A.     Jeffery Covington, Individually**

**i.      Violations of 42 U.S.C. §1983–Unlawful Seizure in Violation of Plaintiff's Fourth and Fourteenth Amendment Rights**

36.     Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

37.     Defendant Jeffery Covington, while acting under the color of state law as an officer of the Madisonville Police Department, intentionally and with malice, deprived the Plaintiff of her right to be free from unlawful seizure as guaranteed by the Fourth Amendment to the Constitution of the United States of America by supplying illegal drugs to an agent of law enforcement and then having illegal drugs planted on the Plaintiff which in turn lead to the arrest of the Plaintiff.

38.     The arrest of the Plaintiff would not have occurred but for the planting of the illegal drugs on the Plaintiff by the Defendant and his co-conspirators and the planting of the drugs in this case was done intentionally, with malice and with ulterior and evil motives.

39.     Furthermore, the planting of illegal drugs on the Plaintiff by the Defendant and his co-conspirators, while acting under the color of law, violated the Plaintiff's Fourteenth Amendment

right to due process of the law prior to the Plaintiff's being deprived of her liberty.

**ii.    Violations of 42 U.S.C. §1983–Cruel and Unusual Punishment in Violation of Plaintiff's Eighth Amendment Rights**

40.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

41.    Defendant Jeffery Covington, while acting under the color of state law as an officer of the Madisonville Police Department, intentionally and with malice, decided on his own to punish the Plaintiff and have her arrested, charged with felony drug charges and have the Plaintiff's children removed from the Plaintiff's custody and care.  By supplying illegal drugs to an agent of law enforcement and then having illegal drugs planted on the Plaintiff, Defendant Covington caused the Plaintiff to suffer both cruel and unusual punishment and caused the Plaintiff to be forced to spend a significant amount of money on attorney's fees for both her criminal defense as well as representation in the suit involving the removal of her children.

**iii.    State Law Claim for Malicious Prosecution**

42.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

43.    Defendant Jeffery Covington acted in an intentional manner and with malice to initiate a criminal prosecution against the Plaintiff and a criminal prosecution was subsequently commenced.

44.    The prosecution was without merit as the drugs providing the basis of the prosecution were planted on the Plaintiff by Defendant Covington and other Defendant's in this case.

45.    The prosecution was terminated in favor of the Plaintiff as the Plaintiff was innocent of the charges of drug possession.

46.     Defendant Jeffery Covington did not have probable cause to initiate the prosecution, but rather had the drugs at issue planted on the Plaintiff and the actions of Defendant Covington resulted in damages being suffered by the Plaintiff.

**iv.     State Law Claim for False Imprisonment**

47.     Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

48.     The acts undertaken on behalf of Defendant Covington and his involvement and participation in the conspiracy to have drugs planted on the Plaintiff were intentionally designed to have the Plaintiff detained and arrested.

49.     The arrest and detention of the Plaintiff were without the consent of the Plaintiff.

50.     The arrest and detention of the Plaintiff were without lawful authority as the drugs at issue and providing the basis for the arrest and detention had been intentionally planted by Defendant Covington and other Defendants in this case.

51.     The actions on the part of Defendant Covington caused the Plaintiff to suffer damages in this case.

**v.     State Law Claim for Abuse of Process**

52.     Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

53.     After being involved in a conspiracy to have drugs planted on the Plaintiff, Defendant Covington's ex-wife, the Defendant had the Plaintiff served with Petition to Modify the Parent Child Relationship and had an emergency Order signed by a District Judge that resulted in the removal of the Plaintiff's children from her home.

54.     The purpose of th Petition to Modify was not to keep the children from harm, as the drugs at issue were planted on the Plaintiff by Defendant Covington and other Defendants in this case.

55.     The purpose of the Petition to Modify was rather for an improper and perverted use of the legal process; to harm the Plaintiff emotionally and financially by taking her children from under her roof and forcing her to pay child support.

56.     Based upon Defendant Covington's ulterior motives and actions, combined with the actions of other Defendants in this case, the Plaintiff suffered injuries and damages.

**vi.     State Law Claim for Assault**

57.     Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

58.     Defendant Covington, while conspiring with the other Defendants in this case, acted with the intent to have the Plaintiff set up and arrested for possessing drugs that Defendant Covington and other Defendants had planted underneath the Plaintiff's vehicle.

59.     By way of Defendant Covington's actions, the Plaintiff was arrested by Trooper Carl Clary, without the consent of the Plaintiff, and the acts of being handcuffed, placed into custody and booked into the Madison County Jail caused bodily injury to the Plaintiff.

**vii.     State Law Claim for Intentional Infliction of Emotional Distress**

60.     Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

61.     The acts of Defendant Covington complained of in this case were undertaken intentionally and were designed to cause the Plaintiff severe emotional distress.

62.     The acts of Defendant Covington, along with the other Defendants in this case, did cause the

Plaintiff to suffer severe emotional distress and the conduct of Defendant Covington, as well as the conduct of the other Defendants in this case, was extreme and outrageous.

63.     Defendant Covington's conduct was the proximate cause of the Plaintiff's emotional distress.

**B.     Jeffery Covington, In His Official Capacity**

**i.      Violations of 42 U.S.C. §1983–Unlawful Seizure in Violation of Plaintiff's Fourth and Fourteenth Amendment Rights**

64.     Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

65.     Defendant Jeffery Covington, while acting under the color of state law as an officer of the Madisonville Police Department, intentionally and with malice, deprived the Plaintiff of her right to be free from unlawful seizure as guaranteed by the Fourth Amendment to the Constitution of the United States of America by supplying illegal drugs to an agent of law enforcement and then having illegal drugs planted on the Plaintiff which in turn lead to the arrest of the Plaintiff.

**ii.     Violations of 42 U.S.C. §1983–Cruel and Unusual Punishment in Violation of Plaintiff's Eighth Amendment Rights**

66.     Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

67.     Defendant Jeffery Covington, while acting under the color of state law as an officer of the Madisonville Police Department, intentionally and with malice, decided on his own to punish the Plaintiff and have her arrested, charged with felony drug charges and have the Plaintiff's children removed from the Plaintiff's custody and care.

68.     By supplying illegal drugs to an agent of law enforcement and then having illegal drugs

planted on the Plaintiff, Defendant Covington caused the Plaintiff to suffer both cruel and unusual punishment and caused the Plaintiff to be forced to spend a significant amount of money on attorney's fees for both her criminal defense as well as representation in the suit involving the removal of her children.

### iii.    State Law Claim for Malicious Prosecution

69.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

70.    Defendant Jeffery Covington, in his official capacity as an officer of the Madisonville Police Department acted in an intentional manner and with malice to initiate a criminal prosecution against the Plaintiff and a criminal prosecution was subsequently commenced.

71.    The prosecution was without merit as the drugs providing the basis of the prosecution were planted on the Plaintiff by Defendant Covington and other Defendant's in this case.

72.    The prosecution was terminated in favor of the Plaintiff as the Plaintiff was innocent of the charges of drug possession.

73.    Defendant Jeffery Covington did not have probable cause to initiate the prosecution, but rather had the drugs at issue planted on the Plaintiff and the actions of Defendant Covington resulted in damages being suffered by the Plaintiff.

### iv.    State Law Claim for False Imprisonment

74.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

75.    The acts undertaken on behalf of Defendant Covington, in his official capacity as an officer of the Madisonville Police Department  and his involvement and participation in the conspiracy to

have drugs planted on the Plaintiff were intentionally designed to have the Plaintiff detained and arrested.

76.    The arrest and detention of the Plaintiff were without the consent of the Plaintiff.

77.    The arrest and detention of the Plaintiff were without lawful authority as the drugs at issue and providing the basis for the arrest and detention had been intentionally planted by Defendant Covington and other Defendants in this case.

78.    The actions on the part of Defendant Covington, in his official capacity as an officer of the Madisonville Police Department caused the Plaintiff to suffer damages in this case.

**v.    State Law Claim for Abuse of Process**

79.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

80.    After being involved in a conspiracy to have drugs planted on the Plaintiff, Defendant Covington's ex-wife, the Defendant, had the Plaintiff served with Petition to Modify the Parent Child Relationship and had an emergency Order signed by a District Judge that resulted in the removal of the Plaintiff's children from her home.

81.    The purpose of th Petition to Modify was not to keep the children from harm, as the drugs at issue were planted on the Plaintiff by Defendant Covington, in his official capacity as an officer of the Madisonville Police Department, and other Defendants in this case.

82.    The purpose of the Petition to Modify was rather for an improper and perverted use of the legal process; to harm the Plaintiff emotionally and financially by taking her children from under her roof and forcing her to pay child support.

83.    Based upon Defendant Covington's ulterior motives and actions, combined with the actions

of other Defendants in this case, the Plaintiff suffered injuries and damages.

**vi.     State Law Claim for Assault**

84.     Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

85.     Defendant Covington, in his official capacity as an officer of the Madisonville Police Department, and while conspiring with the other Defendants in this case, acted with the intent to have the Plaintiff set up and arrested for possessing drugs that Defendant Covington and other Defendants had planted underneath the Plaintiff's vehicle.

86.     By way of Defendant Covington's actions, the Plaintiff was arrested by Trooper Carl Clary, without the consent of the Plaintiff, and the acts of being handcuffed, placed into custody and booked into the Madison County Jail caused bodily injury to the Plaintiff.

**vii.    State Law Claim for Intentional Infliction of Emotional Distress**

87.     Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

88.     The acts of Defendant Covington, in his official capacity as an officer of the Madisonville Police Department, complained of in this case were undertaken intentionally and were designed to cause the Plaintiff severe emotional distress.

89.     The acts of Defendant Covington, along with the other Defendants in this case, did cause the Plaintiff to suffer severe emotional distress and the conduct of Defendant Covington, as well as the conduct of the other Defendants in this case, was extreme and outrageous.

90.     Defendant Covington's conduct was the proximate cause of the Plaintiff's emotional distress.

**C.     Justin Barham, Individually**

15

i.    **Violations of 42 U.S.C. §1983–Unlawful Seizure in Violation of Plaintiff's Fourth and Fourteenth Amendment Rights**

91.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

92.    Defendant Justin Barham, while acting under the color of state law as an officer of the Madisonville Police Department, intentionally and with malice, deprived the Plaintiff of her right to be free from unlawful seizure as guaranteed by the Fourth Amendment to the Constitution of the United States of America by supplying illegal drugs to an agent of law enforcement and then having illegal drugs planted on the Plaintiff which in turn lead to the arrest of the Plaintiff.

93.    Furthermore, upon becoming employed by the Madison County District Attorney's office, Defendant Barham continued to participate in the violation of the Plaintiff's civil rights under the color of law of the Madison County District Attorney's Office, in that he was working for the very office that was attempting to prosecute the Plaintiff and continued in the conspiracy to have the Plaintiff charged and her children ultimately removed from her.

ii.   **Violations of 42 U.S.C. §1983–Cruel and Unusual Punishment in Violation of Plaintiff's Eighth Amendment Rights**

94.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

95.    Defendant Justin Barham, while acting under the color of state law as an officer of the Madisonville Police Department, intentionally and with malice, decided on his own to punish the Plaintiff and have her arrested, charged with felony drug charges and have the Plaintiff's children removed from the Plaintiff's custody and care.

96.    By supplying illegal drugs to an agent of law enforcement and then  having illegal drugs planted on the Plaintiff, Defendant Barham caused the Plaintiff to suffer both cruel and unusual punishment and caused the Plaintiff to be forced to spend a significant amount of money on attorney's fees for both her criminal defense as well as representation in the suit involving the removal of her children.

97.    Furthermore, Defendant Barham, while acting as an investigator for the Madison County District Attorney's Office, proceeded in a manner and participated in activities related to the prosecution of the Plaintiff, without ever informing the District Attorney's Office of the acts undertaken on the part of the Defendants.

**iii.    State Law Claim for Malicious Prosecution**

98.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

99.    Defendant Justin Barham acted in an intentional manner and with malice to initiate a criminal prosecution against the Plaintiff and a criminal prosecution was subsequently commenced.

100.    The prosecution was without merit as the drugs providing the basis of the prosecution were planted on the Plaintiff by Defendant Barham and other Defendant's in this case.

101.    The prosecution was terminated in favor of the Plaintiff as the Plaintiff was innocent of the charges of drug possession.

102.    Defendant Justin Barham did not have probable cause to initiate the prosecution, but rather had the drugs at issue planted on the Plaintiff and the actions of Defendant Barham resulted in damages being suffered by the Plaintiff.

iv.     **State Law Claim for False Imprisonment**

103.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

104.    The acts undertaken on behalf of Defendant Barham and his involvement and participation in the conspiracy to have drugs planted on the Plaintiff were intentionally designed to have the Plaintiff detained and arrested.

105.    The arrest and detention of the Plaintiff were without the consent of the Plaintiff.

106.    The arrest and detention of the Plaintiff were without lawful authority as the drugs at issue and providing the basis for the arrest and detention had been intentionally planted by Defendant Barham and other Defendants in this case.

107.    The actions on the part of Defendant Barham caused the Plaintiff to suffer damages in this case.

v.      **State Law Claim for Abuse of Process**

108.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

109.    Prior to being involved in a conspiracy to have drugs planted on the Plaintiff, Defendant Barham was aware that Defendant Covington intended upon having Plaintiff served with Petition to Modify the Parent Child Relationship in order to effectuate the removal of the Plaintiff's children from her home.

110.    Defendant Barham knew that the purpose of th Petition to Modify was not to keep the children from harm, as the drugs at issue were planted on the Plaintiff by the Defendants in this case.

111.    Defendant Barham knew that the purpose of the Petition to Modify was rather for an

18

improper and perverted use of the legal process; to harm the Plaintiff emotionally and financially by taking her children from under her roof and forcing her to pay child support.

112.     Based upon Defendant Barham's knowledge of Defendant Covington's ulterior motives and actions, combined with the actions of Defendant Barham and the other Defendants in this case, the Plaintiff suffered injuries and damages.

**vi.     State Law Claim for Assault**

113.     Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

114.     Defendant Barham, while conspiring with the other Defendants in this case, acted with the intent to have the Plaintiff set up and arrested for possessing drugs that Defendant Barham and other Defendants had planted underneath the Plaintiff's vehicle.

115.     By way of Defendant Barham's actions, the Plaintiff was arrested by Trooper Carl Clary, without the consent of the Plaintiff, and the acts of being handcuffed, placed into custody and booked into the Madison County Jail caused bodily injury to the Plaintiff.

**vii.    State Law Claim for Intentional Infliction of Emotional Distress**

116.     Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

117.     The acts of Defendant Barham complained of in this case were undertaken intentionally and were designed to cause the Plaintiff severe emotional distress.

118.     The acts of Defendant Barham, along with the other Defendants in this case, did cause the Plaintiff to suffer severe emotional distress and the conduct of Defendant Barham, as well as the conduct of the other Defendants in this case, was extreme and outrageous.

119.    Defendant Barham's conduct was the proximate cause of the Plaintiff's emotional distress.

**D.     Justin Barham, In His Official Capacity**

**i.      Violations of 42 U.S.C. §1983–Unlawful Seizure in Violation of Plaintiff's Fourth and Fourteenth Amendment Rights**

120.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

121.    Defendant Justin Barham, while acting under the color of state law as an officer of the Madisonville Police Department and as an investigator for the Madison County District Attorney's Office, intentionally and with malice, deprived the Plaintiff of her right to be free from unlawful seizure as guaranteed by the Fourth Amendment to the Constitution of the United States of America by supplying illegal drugs to an agent of law enforcement and then  having illegal drugs planted on the Plaintiff which in turn lead to the arrest of the Plaintiff.

**ii.     Violations of 42 U.S.C. §1983–Cruel and Unusual Punishment in Violation of Plaintiff's Eighth Amendment Rights**

122.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

123.    Defendant Justin Barham, while acting under the color of state law as an officer of the Madisonville Police Department and an investigator for the Madison County District Attorney's Office, intentionally and with malice, decided on his own to punish the Plaintiff and have her arrested, charged with felony drug charges and have the Plaintiff's children removed from the Plaintiff's custody and care.

124.    By supplying illegal drugs to an agent of law enforcement and then  having illegal drugs

planted on the Plaintiff, Defendant Barham caused the Plaintiff to suffer both cruel and unusual punishment and caused the Plaintiff to be forced to spend a significant amount of money on attorney's fees for both her criminal defense as well as representation in the suit involving the removal of her children.

### iii.   State Law Claim for Malicious Prosecution

125.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

126.    Defendant Justin Barham acted in an intentional manner and with malice to initiate a criminal prosecution against the Plaintiff and a criminal prosecution was subsequently commenced.

127.    The prosecution was without merit as the drugs providing the basis of the prosecution were planted on the Plaintiff by Defendant Barham and other Defendant's in this case.

128.    The prosecution was terminated in favor of the Plaintiff as the Plaintiff was innocent of the charges of drug possession.

129.    Defendant Justin Barham did not have probable cause to initiate the prosecution, but rather had the drugs at issue planted on the Plaintiff and the actions of Defendant Barham resulted in damages being suffered by the Plaintiff.

### iv.   State Law Claim for False Imprisonment

130.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

131.    The acts undertaken on behalf of Defendant Barham and his involvement and participation in the conspiracy to have drugs planted on the Plaintiff were intentionally designed to have the Plaintiff detained and arrested.

21

132.    The arrest and detention of the Plaintiff were without the consent of the Plaintiff.

133.    The arrest and detention of the Plaintiff were without lawful authority as the drugs at issue and providing the basis for the arrest and detention had been intentionally planted by Defendant Barham and other Defendants in this case.

134.    The actions on the part of Defendant Barham caused the Plaintiff to suffer damages in this case.

**v.      State Law Claim for Abuse of Process**

135.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

136.    Prior to being involved in a conspiracy to have drugs planted on the Plaintiff, Defendant Barham was aware that Defendant Covington intended on having the Plaintiff served with Petition to Modify the Parent Child Relationship in order to effectuate the removal of the Plaintiff's children from her home.

137.    Defendant Barham knew the purpose of th Petition to Modify was not to keep the children from harm, as the drugs at issue were planted on the Plaintiff by Defendant Barham and other Defendants in this case.

138.    Defendant Barham knew that the purpose of the Petition to Modify was rather for an improper and perverted use of the legal process; to harm the Plaintiff emotionally and financially by taking her children from under her roof and forcing her to pay child support.

139.    Based upon Defendant Barham's knowledge of Defendant Covington's ulterior motives and actions, combined with the actions of Defendant Barham and other Defendants in this case, the Plaintiff suffered injuries and damages.

22

vi.     **State Law Claim for Assault**

140.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

141.    Defendant Barham, while conspiring with the other Defendants in this case, acted with the intent to have the Plaintiff set up and arrested for possessing drugs that Defendant Barham and other Defendants had planted underneath the Plaintiff's vehicle.

142.    By way of Defendant Barham's actions, the Plaintiff was arrested by Trooper Carl Clary, without the consent of the Plaintiff, and the acts of being handcuffed, placed into custody and booked into the Madison County Jail caused bodily injury to the Plaintiff.

vii.    **State Law Claim for Intentional Infliction of Emotional Distress**

143.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

144.    The acts of Defendant Barham complained of in this case were undertaken intentionally and were designed to cause the Plaintiff severe emotional distress.

145.    The acts of Defendant Barham, along with the other Defendants in this case, did cause the Plaintiff to suffer severe emotional distress and the conduct of Defendant Barham, as well as the conduct of the other Defendants in this case, was extreme and outrageous.

146.    Defendant Barham's conduct was the proximate cause of the Plaintiff's emotional distress.

E.      **Jeremy Kidd, Individually**

i.      **Violations of 42 U.S.C. §1983–Unlawful Seizure in Violation of Plaintiff's Fourth and Fourteenth Amendment Rights**

147.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the

Plaintiff's Original Complaint.

148.    Defendant Jeremy Kidd, while acting under the color of state law in concert with and  as an

agent for officers of the Madisonville Police Department, intentionally and with malice, deprived

the Plaintiff of her right to be free from unlawful seizure as guaranteed by the Fourth Amendment

to the Constitution of the United States of America by supplying illegal drugs to an agent of law

enforcement and then  having illegal drugs planted on the Plaintiff which in turn lead to the arrest

of the Plaintiff.

**ii.    Violations of 42 U.S.C. §1983–Cruel and Unusual Punishment in Violation of Plaintiff's**
**        Eighth Amendment Rights**

149.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the

Plaintiff's Original Complaint.

150.    Defendant Jeremy Kidd, while acting under the color of state law in concert with and  as an

agent for officers of the Madisonville Police Department, intentionally and with malice, decided on

his own to punish the Plaintiff and have her arrested and charged with felony drug charges.

151.    By planting illegal drugs on the Plaintiff in his capacity as an agent of Defendants Covington

and Barham,  Defendant Kidd caused the Plaintiff to suffer both cruel and unusual punishment and

caused the Plaintiff to be forced to spend a significant amount of money on attorney's fees for both

her criminal defense as well as representation in the suit involving the removal of her children.

**iii.    State Law Claim for Malicious Prosecution**

152.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the

Plaintiff's Original Complaint.

153.    Defendant Jeremy Kidd acted in an intentional manner and with malice to initiate a

criminal prosecution against the Plaintiff and a criminal prosecution was subsequently commenced.

154.    The prosecution was without merit as the drugs providing the basis of the prosecution were planted on the Plaintiff by Defendant Kidd and other Defendant's in this case.

155.    The prosecution was terminated in favor of the Plaintiff as the Plaintiff was innocent of the charges of drug possession.

156.    Defendant Jeremy Kidd did not have probable cause to initiate the prosecution, but rather planted the drugs at issue on the Plaintiff and the actions of Defendant Kidd resulted in damages being suffered by the Plaintiff.

**iv.    State Law Claim for False Imprisonment**

157.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

158.    The acts undertaken on behalf of Defendant Kidd and his involvement and participation in the conspiracy to have drugs planted on the Plaintiff were intentionally designed to have the Plaintiff detained and arrested.

159.    The arrest and detention of the Plaintiff were without the consent of the Plaintiff.

160.    The arrest and detention of the Plaintiff were without lawful authority as the drugs at issue and providing the basis for the arrest and detention had been intentionally planted by Defendant Kidd and other Defendants in this case.

161.    The actions on the part of Defendant Kidd caused the Plaintiff to suffer damages in this case.

**v.    State Law Claim for Assault**

162.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the

Plaintiff's Original Complaint.

163.    Defendant Kidd, while conspiring with the other Defendants in this case, acted with the intent to have the Plaintiff set up and arrested for possessing drugs that Defendant Kidd and other Defendants had planted underneath the Plaintiff's vehicle.

164.    By way of Defendant Kidd's actions, the Plaintiff was arrested by Trooper Carl Clary, without the consent of the Plaintiff, and the acts of being handcuffed, placed into custody and booked into the Madison County Jail caused bodily injury to the Plaintiff.

**vi.    State Law Claim for Intentional Infliction of Emotional Distress**

165.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

166.    The acts of Defendant Kidd complained of in this case were undertaken intentionally and were designed to cause the Plaintiff severe emotional distress.

167.    The acts of Defendant Kidd, along with the other Defendants in this case, did cause the Plaintiff to suffer severe emotional distress and the conduct of Defendant Kidd, as well as the conduct of the other Defendants in this case, was extreme and outrageous.

168.    Defendant Kidd's conduct was the proximate cause of the Plaintiff's emotional distress.

**F.    Jeremy Kidd, In His Official Capacity**

**i.    Violations of 42 U.S.C. §1983–Unlawful Seizure in Violation of Plaintiff's Fourth and Fourteenth Amendment Rights**

169.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

170.    Defendant Jeremy Kidd, while acting under the color of state law as an agent for officers of

the Madisonville Police Department, intentionally and with malice, deprived the Plaintiff of her right to be free from unlawful seizure as guaranteed by the Fourth Amendment to the Constitution of the United States of America by supplying illegal drugs to an agent of law enforcement and then having illegal drugs planted on the Plaintiff which in turn lead to the arrest of the Plaintiff.

ii.     **Violations of 42 U.S.C. §1983–Cruel and Unusual Punishment in Violation of Plaintiff's Eighth Amendment Rights**

171.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

172.    Defendant Jeremy Kidd, while acting under the color of state law as an agent of officers of the Madisonville Police Department, intentionally and with malice, decided on his own to punish the Plaintiff and have her arrested and charged with felony drug charges.

173.    By planting illegal drugs on the Plaintiff, in his capacity as an agent of officers of the Madisonville Police Department,  Defendant Kidd caused the Plaintiff to suffer both cruel and unusual punishment and caused the Plaintiff to be forced to spend a significant amount of money on attorney's fees for both her criminal defense as well as representation in the suit involving the removal of her children.

iii.    **State Law Claim for Malicious Prosecution**

174.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

175.    Defendant Jeremy Kidd acted in an intentional manner and with malice to initiate a criminal prosecution against the Plaintiff and a criminal prosecution was subsequently commenced.

176.    The prosecution was without merit as the drugs providing the basis of the prosecution were

planted on the Plaintiff by Defendant Kidd and other Defendant's in this case.

177.    The prosecution was terminated in favor of the Plaintiff as the Plaintiff was innocent of the charges of drug possession.

178.    Defendant Jeremy Kidd did not have probable cause to initiate the prosecution, but rather planted the drugs at issue on the Plaintiff and the actions of Defendant Kidd resulted in damages being suffered by the Plaintiff.

**iv.    State Law Claim for False Imprisonment**

179.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

180.    The acts undertaken on behalf of Defendant Kidd and his involvement and participation in the conspiracy to have drugs planted on the Plaintiff were intentionally designed to have the Plaintiff detained and arrested.

181.    The arrest and detention of the Plaintiff were without the consent of the Plaintiff.

182.    The arrest and detention of the Plaintiff were without lawful authority as the drugs at issue and providing the basis for the arrest and detention had been intentionally planted by Defendant Kidd and other Defendants in this case.

183.    The actions on the part of Defendant Kidd caused the Plaintiff to suffer damages in this case.

**v.    State Law Claim for Assault**

184.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

185.    Defendant Kidd, while conspiring with the other Defendants in this case, acted with

the intent to have the Plaintiff set up and arrested for possessing drugs that Defendant Kidd and other Defendants had planted underneath the Plaintiff's vehicle.

186.    By way of Defendant Kidd's actions, the Plaintiff was arrested by Trooper Carl Clary, without the consent of the Plaintiff, and the acts of being handcuffed, placed into custody and booked into the Madison County Jail caused bodily injury to the Plaintiff.

**vii.    State Law Claim for Intentional Infliction of Emotional Distress**

187.    Plaintiff hereby incorporates by reference the preceding paragraphs contained within the Plaintiff's Original Complaint.

188.    The acts of Defendant Kidd complained of in this case were undertaken intentionally and were designed to cause the Plaintiff severe emotional distress.

189.    The acts of Defendant Kidd, along with the other Defendants in this case, did cause the Plaintiff to suffer severe emotional distress and the conduct of Defendant Kidd, as well as the conduct of the other Defendants in this case, was extreme and outrageous.

190.    Defendant Kidd's conduct was the proximate cause of the Plaintiff's emotional distress.

**G.    The City of Madisonville, Texas**

**i.    Failure to Adequately Supervise and Negligence in Hiring**

191.    The City of Madisonville, Texas has maintained a practice of failing to properly supervise its officers.  The City of Madisonville has essentially allowed its officers to police themselves.

192.    This policy and practice, and its failure to provide for the supervision of its officers is demonstrated by the fact that nearly 50% of the officers of the Madisonville Police Department were fired or resigned in a six-month period.

193.    This policy and procedure adopted by the police department provided for the environment

29

that allowed Defendants Covington and Barham to violate the civil rights of the Plaintiff in this case.

194.    Furthermore, the Plaintiff contends that the City of Madisonville failed to look into the background of Defendant Covington or they would have found his termination from Iraq to be based on illegal activity involving narcotics.  This failure on the part of the City of Madisonville and the Madisonville Police Department is the proximate and/or direct cause of the injuries suffered by Plaintiff as they relate to Defendant Covington.

**H.    Madison County, Texas**

**i.     Failure to Adequately Supervise**

195.    Madison County, Texas and the Madison County District Attorney's Office has maintained a practice of failing to properly supervise it officers.  The Madison County District Attorney's Office, of which Defendant Justin Barham was the primary investigator assigned to drug cases.  In fact, he was one of only two investigators.  The Madison County District Attorney's Office has allowed the investigators to police themselves..

196.    This policy and procedure adopted by the Madison County District Attorney's Office has resulted, in this case, in allowing Defendant Barham, who was the office's lead investigator as it related to drug cases and organized crime cases to police himself.  From the months of January of 2013, to the time of his arrest in March of 2013, Defendant Barham was the only investigator at the District Attorney's office who was responsible for looking into the actions related to narcotics.

197.    This policy and procedure provided for Defendant Barham the opportunities to go unchecked and allowed for Defendant Barham's continued violation of the Plaintiff's civil rights in this case.

## VI. DAMAGES

As a result of the above-noted violations and causes of actions, the Plaintiff incurred significant and substantial damages. The Plaintiff suffered pain during the arrest and subsequent jailing of the Plaintiff, and the Plaintiff suffered extreme emotional distress and mental anguish by way of having her two (2) young children removed from her and by was of the Plaintiff being unjustly arrested and jailed for a crime she did not commit. The Plaintiff was required to hire attorneys to represent her, both civilly and criminally. The Plaintiff is entitled to costs of court, prejudgment interest on any damages suffered by the Plaintiff, and exemplary damages from the Defendants as the Defendants in this case acted with malice, anger and evil motives.

Plaintiff seeks damages in this case in the amount of $5,000,000.00.

## VII. PRAYER

Plaintiff prays that, upon trial before a jury of her peers, that she be granted the relief set forth herein, as well as all other relief to which she may show herself justly entitled in law and equity.

Respectfully submitted,

/s/ J. Paxton Adams

_____
J. Paxton Adams, Attorney in Charge
State Bar No. 24042459
J. Paxton Adams
Attorney at Law
1113 Twelfth Street
Huntsville, Texas 77340
Tel: (936) 291-9900
Fax: (936) 291-9903
Southern District No. 628065

31