UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAURA COVINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-03300 |
| | § | |
| JEFFERY COVINGTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in the above-referenced cause is Plaintiff's Motion for Reconsideration. Doc. 111. Having considered the Motion, Defendant City of Madisonville's ("City") Response in Opposition, Doc. 112, this Court's previous Opinion and Order, Doc. 110, the record, and the relevant law, the Court concludes that Plaintiff's Motion should be denied.

**I. Background**

The facts of this case were recited extensively in this Court's prior Opinion and Order, Doc. 110, and need not be repeated here except to the limited extent necessary to understand the context of the present Motion.

In her Complaint, Plaintiff alleges that her ex-husband, Defendant Jeffrey Covington, violated § 1983 by acting under color of state law and conspiring with other municipal officials in securing Plaintiff's false arrest. *See* Doc. 1. According to Plaintiff, the City was aware of, but "intentionally disregarded, ratified, protected, and directly allowed," Covington's actions. Doc. 98 ¶ 408. Plaintiff also alleges that the City is liable because it demonstrated deliberate indifference to Plaintiff's constitutional rights by failing to supervise its officers and wrongfully hiring Covington. *Id.* ¶¶ 401–411.

The City responded to Plaintiff's allegations by filing a Motion to Dismiss. Doc. 103. In

its Motion, the City argues that Plaintiff's claims against it must be dismissed because she alleged no cognizable Fourteenth Amendment claims, her official-capacity claims against individual defendants and her claims against the police department are duplicative of her claims against the City, and there are no factual allegations that the City caused any deprivation of Plaintiff's rights or was deliberately indifferent. *Id.* ¶¶ 1–6.

After a thorough consideration of the parties' arguments and relevant case law, on February 16, 2017, this Court granted the City's Motion and dismissed Plaintiff's claims against the City because "Plaintiff's allegations against the City cannot support the second or third element of a claim for municipal liability." Doc. 110 at 19. Specifically, Plaintiff failed to allege "an official policy" that was "the moving force behind the violation of a constitutional right." *Id.* at 11. (citing *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)). Furthermore, because Plaintiff had "already been afforded an opportunity to amend her claims against the City and has again failed to state claims capable of surviving the City's motions to dismiss," the Court concluded that granting her leave to amend yet again would be futile and denied her request to do so. Doc. 110 at 21.

On March 16, 2017, Plaintiff filed her pending Motion for Reconsideration urging the Court to reconsider its dismissal of her claims against the City or, alternatively, allow her to further amend her complaint to clarify her allegations. Doc. 111 at 1. The City filed its Response in Opposition on April 6, 2017. Doc. 112. Plaintiff's Motion is now ripe for consideration.

**II. Legal Standard**

A motion for reconsideration "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or

raised before the entry of judgment." *Templet v. Hydro Chem., Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, it merely serves to allow "a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 735 F.2d 1367 (7th Cir. 1984)). A motion for reconsideration may also be used to bring an intervening change in the controlling law to the court's attention. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). Nevertheless, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F. 3d at 479 (citing *Clancy v. Emp'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

### III. Analysis

In this case, Plaintiff's Motion does not identify any manifest error of law or fact in the Court's prior Opinion and Order. *See* Doc. 111. Nor does it bring the Court's attention to any change in the controlling law. *See id.* Rather, Plaintiff simply rehashes her previous arguments and takes issue with the Court's alleged failure to specifically address all of her "critical allegations establishing municipal liability." *Id.* at 1. Such arguments are not a legitimate ground for relief under a Rule 59(e) motion for reconsideration. *See Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (providing examples of proper and improper use of motion for reconsideration). The Court need not specifically respond to every one of Plaintiff's allegations in order to conclude that she failed to meet the pleading standard for municipal liability. Accordingly, the Court stands by its previous Opinion and Order.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration, Doc. 111, is **DENIED**.

SIGNED at Houston, Texas, this 13th day of July, 2017.

                                MELINDA HARMON
                        UNITED STATES DISTRICT JUDGE